BABY DOLLS TOPLESS SALOONS,
INC., d/b/a Baby Dolls Saloon–
East Plaintiff,

Md Ii Entertainment, Inc., d/b/a the
Fare West, and D. Burcb, Inc., d/b/a
Baby Dolls Topless Saloon, Interve-
nors,

Mainstage, Inc., d/b/a P.T.'s Gentlemen's
Club; Club Hospitality, Inc., d/b/a
Club Lipstick; Frank Smith, d/b/a
Sheer D'Lite; OGC Restaurants,
L.L.C., d/b/a Obsessions; Santa Fe
Cabaret, L.L.C., d/b/a Santa Fe Caba-
ret; and Case and Point, Inc., d/b/a
Bare Facts, Intervenors,

Dimitri Papathansiou, d/b/a Doll's
House; Tom K. Lazanas, d/b/a Baby
G's and d/b/a Faces; and VJAC Invest-
ments, Inc., d/b/a Venus, Intervenors

v.

CITY OF DALLAS, Defendant.

No. Civ.A. 3:97CV1331–R.

United States District Court,
N.D. Texas,
Dallas Division.

June 1, 2000.

Steven Hershey Swander, Law Office of
Steven H. Swander, Fort Worth, TX,
Charles J. Quaid, Quaid & Quaid, Dallas,
TX, for Baby Dolls Topless Saloons Inc.
dba Baby Dolls Saloon-East, plaintiffs.

Walter C. Davis, III, Sangeeta Sharma
Kuruppillai, Dallas City Attorney's Office,
Dallas City Hall, Dallas, TX, for City of
Dallas Texas, defendants.

### MEMORANDUM OPINION

BUCHMEYER, Chief Judge.

Plaintiff and Intervenors filed a Pre-
judgement Motion for New Trial on March
31, 2000 Subsequently, this Court issued
an order [1] treating that motion as a Motion
for Reconsideration and setting the motion
for hearing. Thereafter, Plaintiff and In-
tervenors filed a Supplemental Motion for

---

1. Filed May 4, 2000.

New Trial (Motion for Reconsideration) on May 11, 2000. On May 31, 2000, this Court heard evidence and oral arguments on both the Motion for Reconsideration and the Supplemental Motion for Reconsideration. For the reasons set forth below, both of those motions are **DENIED** except to this limited extent: this Court enjoins the City of Dallas from enforcing City of Dallas Ordinance No 24206 and the City of Dallas April 26, 2000 moratorium against the Plaintiff and Intervenors in this case.

## BACKGROUND FACTS

On May 2, 2000, this Court issued its Findings of Fact and Conclusions of Law, as well as a Final Judgment in favor of the City of Dallas ("City") on all of Plaintiff and Intervenors' claims. However, on March 8, 2000, the City enacted Ordinance No. 24206, which requires a certificate of occupancy to be issued prior to the issuance of a sexually oriented business license. Yet, there is no established time frame in which the certificate of occupancy must be issued. Thereafter, on April 26, 2000, the City enacted a moratorium on the applications of all new dance hall and sexually oriented business licenses until August 24, 2000. This moratorium also prohibits the City from accepting new applications for building permits or certificates of occupancy. Neither of these actions were considered by this Court prior to the issuance of its Findings of Fact and Conclusions of Law. Thus, Plaintiff and Intervenors moved this Court to reconsider its Final Judgment, as well as its Findings of Fact and Conclusions of Law, in the instant case.

## DISCUSSION

Plaintiff and Intervenors assert four claims in their motions. First, Ordinance No. 24206's requirement for the issuance of a certificate of occupancy prior to the issuance of a sexually oriented business or dance hall license is a prior restraint because there is not a time limit on the issuance of the certificate of occupancy. Second, Ordinance No. 24206's require-

ment for the issuance of a certificate of occupancy prior to the issuance of a sexually oriented business or dance hall license deprives the Plaintiff and Intervenors of alternative sites to relocate—a fact relied upon by this Court in its Findings of Fact and Conclusions of Law. Third, the moratorium passed on April 26, 2000 deprives the Plaintiff and Intervenors of alternative sites to relocate—a fact relied upon by this Court in its Findings of Fact and Conclusions of Law. Fourth, the moratorium passed on April 26, 2000 is a prior restraint.

## I. ORDINANCE NO. 24206 AS A PRIOR RESTRAINT

Ordinance No. 24206 requires the applicants to obtain a certificate of occupancy prior to the City issuing a sexually oriented business or dance hall license. However, there are no time limits requiring the certificate of occupancy to be issued within a certain time frame. Plaintiff and Intervenors are correct in their assertion that the ordinance "[p]roduc[es] the same result as the licensing scheme struck down by the United States Supreme Court in *F.W./P.B.S., Inc. v. City of Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)." In *F.W./P.B.S.,* Justice O'Connor, relying upon *City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984), as well as *Freedman v. Maryland,* 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965), stated that "the failure to place limitations on the time within which a censorship board decisionmaker must make a determination of obscenity is a species of unbridled discretion" that permits the parties to bring facial challenges against the ordinance. *F.W./P.B.S.,* 493 U.S. at 223, 110 S.Ct. 596. *See also Freedman,* 380 U.S. at 56–57, 85 S.Ct. 734. The Court also cited cases holding that "a prior restraint that fails to place limits on the time within which the decisionmaker must issue the license is impermissible." *F.W./P.B.S.,* 493 U.S. at 226, 110 S.Ct. 596. Indeed, "a licensing scheme creates the possibility

that constitutionally protected speech will be suppressed where there are inadequate procedural safeguards to ensure prompt issuance of the license." *Id.*

However, Plaintiff and Intervenors' complaint does not cover this cause of action.

## II. ORDINANCE NO. 24206 EFFECT ON THIS COURTS FOF/COL

■ Plaintiff and Intervenors argue that this Court's Findings of Fact and Conclusions of Law relied upon the availability of alternative sites for them to relocate. This is true. In analyzing the case under content-neutral time, place, or manner restriction doctrine, this Court relied upon *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). (*See* FOF/COL at 22.) The third requirement under *Renton* was that the zoning ordinance allow for reasonable alternative avenues of communication. *See Woodall v. City of El Paso*, 49 F.3d 1120, 1122 (5th Cir.1995). This means a reasonable opportunity to open and operate their adult entertainment businesses. *See id.* at 1126.

In its Findings of Fact and Conclusions of Law, this Court stated, "Intervenors' claim that the City's application of its licensing scheme effectively denies a reasonable opportunity to pursue adequate alternative avenues of communication is credible, but not persuasive." (FOF/COL at ¶ 18.) However, when Ordinance No 24206 effects are evaluated, Intervenors' claim are more persuasive.

The licensing scheme can effectively deny Plaintiff and Intervenors the opportunity to relocate by allowing a competing use to move within the distance requirement, while Plaintiff or Intervenors wait for the certificate of occupancy. With city council members arguing that these businesses will not relocate to their districts, Plaintiff and Intervenors' arguments are well received. This Court is concerned that Ordinance No. 24206 will allow parties, opposed to the Plaintiff and Intervenors, to locate within the distance require-

ment before the Plaintiff and Intervenors can apply for the sexually oriented business license. This would effectively eliminate the alternative sites relied upon by this Court in its Findings of Fact and Conclusions of Law.

The City argues that they are not enforcing the certificate of occupancy requirement under the moratorium, but this is not sufficient. The Plaintiff and Intervenors must be allowed to relocate or the analysis contained in this Court's prior Findings of Fact and Conclusions of Law will be incorrect. Therefore, this Court enjoins the City from applying Ordinance 24206 to either the Plaintiff or Intervenors in the case at bar. With this injunction in place, Ordinance 24206 has no effect on this Court's Findings of Fact and Conclusions of Law issued May 2, 2000.

## III. APRIL 26, 2000 MORATORIUM EFFECT ON THIS COURTS FOF/COL

Likewise, Plaintiff and Intervenors argue that the April 26, 2000 moratorium changes the reasonable alternative avenues of communication conclusions in this Court's prior Findings of Fact and Conclusions of Law. The moratorium stops the issuance of sexually oriented and dance hall licenses, as well as new applications for building permits and certificates of occupancy during its existence. This moratorium expires on August 24, 2000, but may be renewed.

The City argues that Plaintiff and Intervenors are not prevented from seeking relocation; however, Plaintiff and Intervenors are prevented from obtaining the necessary license, permit, and certificate to actually relocate. Once again, the issue is whether reasonable alternative avenues of communication exist, under *Renton*, when the City's moratorium is in effect.

As stated above, the Plaintiff and Intervenors must be allowed to relocate or the analysis contained in this Court's prior Findings of Fact and Conclusions of Law will be incorrect. Therefore, this Court

enjoins the City from applying the April 26, 2000 moratorium to either the Plaintiff or Intervenors in this case. With this injunction in place, the April 26, 2000 moratorium has no effect on this Court's Findings of Fact and Conclusions of Law issued May 2, 2000.

## IV. APRIL 26, 2000 MORATORIUM AS A PRIOR RESTRAINT

■ Finally, it appears that Plaintiff and Intervenors argue that the April 26, 2000 moratorium acts as a prior constraint. However, their complaint does not cover this claim. The Plaintiff and Intervenors will have to file a separate lawsuit to cover this action.

## CONCLUSION

As this Court agrees with the City that it is time for the litigation in this case to come to an end, this Court **ENJOINS** the City from enforcing Ordinance No. 24206 and the April 26, 2000 moratorium against the Plaintiff and Intervenors in this case. This injunction allows the Plaintiff and Intervenors to relocate and this Court's prior Findings of Fact and Conclusions of Law to remain undisturbed.

For the reasons stated above, Defendant and Intervenors' Prejudgement Motion for New Trial (filed March 31, 2000) and Supplemental Motion for New Trial (Motion for Reconsideration)(filed May 11, 2000) are **DENIED** except to the extent that this Court enjoins the City as explained above.